UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(NEW HAVEN)

| | | |
|---|---|---|
| ANTHONY RUGGIERO, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS INC.; EQUIFAX INFORMATION SERVICES, LLC; CARRINGTON MORTGAGE SERVICES, LLC; CITIZENS BANK N.A., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, Anthony Ruggiero (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person who at all relevant times has resided in New Haven County, Connecticut

5. Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in Connecticut with its principal place of business as 475 Anton Blvd. Costa Mesa, California 92626.

6. Defendant Equifax Information Services, LLC. is a business entity that regularly conducts business in Connecticut with its principal place of business as 1550 Peachtree Street NW, Atlanta, Georgia 30309.

7. Defendant Carrington Mortgage Solutions, LLC ("Carrington") is a business entity that regularly conducts business in Connecticut with its corporate headquarters at 1610 East Saint Andrew Place, Santa Ana, CA 92705.

8. Defendant Citizens Bank, N.A. (Citizens) is a business entity that regularly conducts business in Connecticut with its corporate headquarters at 1 Citizens Plaza, RI 020903.

## FACTUAL STATEMENT

9. In 2018, Plaintiff was unable to meet his financial obligations and filed for bankruptcy.

10. Plaintiff however, did not seek discharge of all his debts. Instead, Plaintiff chose to reaffirm his debts with Carrington and Citizens.

11. After his reaffirmation, Plaintiff continued to make timely payments each month to both entities.

12. Plaintiff's timely payments and reaffirmation should be considered positive trade lines on his report. Instead, Plaintiff's payments are not being reported or acknowledged on his credit report. This is so, because both accounts are being reported as discharged in bankruptcy and not reflecting either Plaintiff's reaffirmation or his payments.

13. After reviewing his credit report on or about September 2018, Plaintiff disputed the accounts with Experian and Equifax.

14. Plaintiff clearly stated that the accounts were reaffirmed and should reflect that in his credit report.

15. Upon information and belief, Equifax and Experian transmitted Plaintiff's dispute to Carrington and Citizens.

16. Upon information and belief, Carrington and Citizens both failed to conduct a reasonable investigation and continued reporting the debts as discharged, and failing to report Plaintiff's timely payments. Had a reasonable investigation been conducted, this would not have been reporting negatively.

17. Equifax and Experian also failed to conduct a reasonable investigation into Plaintiff's dispute. Had they done so, the trade lines would be reporting more accurately.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EQUIFAX

18. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

19. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

20. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

21. Equifax willfully and negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

22. After receiving Plaintiff's dispute highlighting the errors, Equifax willfully and negligently failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

23. As a direct and proximate cause of Equifax's willful and negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

24. Equifax's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant Plaintiff a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EXPERIAN

25. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

26. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

27. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

28. Experian negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

29. After receiving Plaintiff's dispute highlighting the errors, Experian negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

30. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

31. Experian's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

   WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## BY CARRINGTON

32. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

33. At all times pertinent hereto, Carrington was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

34. Carrington willfully and negligently supplied Equifax and Experian with information about Plaintiff that was false, misleading, and inaccurate.

35. Upon information and belief, Carrington had repeatedly provided the credit bureaus with different status updates and balances. Upon information and belief, despite Plaintiff's repeated disputes to each of the credit bureaus, and after these disputes were sent to Carrington, Carrington

willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed. Had it conducted a reasonable investigation, it would have uncovered the repeated discrepancies, and further marked the trade line as disputed.

36. Carrington willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

37. Carrington willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

38. Carrington willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

39. Carrington conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Carrington was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Carrington for statutory damages, actual damages, costs, interest, and attorneys' fees

## COUNT IV
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## BY CITIZENS

40. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

41. At all times pertinent hereto, Citizens was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

42. Citizens willfully and negligently supplied Equifax and Experian with information about Plaintiff that was false, misleading, and inaccurate.

43. Upon information and belief, Citizens had repeatedly provided the credit bureaus with different status updates and balances. Upon information and belief, despite Plaintiff's repeated disputes to each of the credit bureaus, and after these disputes were sent to Citizens, Citizens willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed. Had it conducted a reasonable investigation, it would have uncovered the repeated discrepancies, and further marked the trade line as disputed.

44. Citizens willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

45. Citizens willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

46. Citizens willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

47. Citizens conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Citizens was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

   WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Carrington for statutory damages, actual damages, costs, interest, and attorneys' fees

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated: November 22, 2019

           Respectfully Submitted,

           /s/*Daniel Zemel*
           Daniel Zemel, Esq.
           Zemel Law LLC
           1373 Broad Street, Suite 203-C
           Clifton, NJ 07013
           dz@zemellawllc.com
           *Attorneys for Plaintiff*